The first case on the calendar this morning is Colvin v. Keen and we are ready to proceed. Good morning your honors, James Maloney for plaintiff appellant Amy Colvin. May it please the court. The causes of action we are here today to discuss were the subject of both a motion to dismiss under rule 12 and rule 56 motion. Those causes of action survived both of those motions. In fact the case went to trial for a little while. The case went to trial on I believe May 31st 2016 and for reasons that are not germane to this appeal a mistrial was declared. The case was then rescheduled for trial the following week June 6. Up to then there had been no pretrial memorandum of law. In fact it However the court below sui sponte adjourned the trial for some three and a half months. During that time the defendants including the defendants appellees submitted what they called a pretrial memorandum. But it's fair to say I think that it was not a pretrial memorandum at all because it did not contemplate going to trial. In fact it sought to read you are as your argument up till now suggests placing a lot of hopes on your law of the case argument I would suggest to you at least so far as I'm concerned that you would do a lot better focusing on the issue in your limited time of whether the speech was on a subject of public concern because I frankly I'm I have no idea what my colleagues views are but I think as far as law the case is concerned you're just Thank you your honor and I'll do exactly that of course. Was it speech that is protected? Well what was the speech? And I guess the first way to answer that is simply to look at very clear indications in the record of the undisputed language that is at issue and those are in the appendix in the police report which appears at 8227 the extended narrative and in the counseling memorandum 8228. What was the speech? The speech was from the plaintiff to the person being arrested don't give them any statements get a lawyer and you the court is familiar with the facts I need to reiterate I need not reiterate what led to that. Was it speech in the First Amendment sense or were they the comments really more instructions advice? Well that's a good question they were certainly made loudly enough I mean it says yelled in one of these. I mean it's speech in the sense of it was it was someone talking but it doesn't seem like the kind of speech that that warrants First Amendment protection it's not speech on a matter of well I guess that's one of the issues public concern but it was it was we're gonna get you a lawyer don't talk you know that kind of thing I'd like to go with her to the police station. Right well leaving aside that last one about the I'd like to go with her because that's clearly a request made of the police but the statements made loudly in a public place to a person being publicly arrested under somewhat unusual circumstances that becomes in some way somewhat like creating a record of this advice was given and so this is a statement that's made in a public forum it's not in some back room my client was not the attorney from Ms. Buck this was made in a rather situation in which the police officers interrupted the yoga class came in radios blaring took the woman outside my client ended up outside it's some disputed fact whether she went out first or later but there she was couldn't get too close to the police yelled spoke very loudly to give the client that advice not the client my mistake to give the woman that advice was not her client and and I'm sorry I advice I mean it may be a significant concern to Buick the broader public concern well the police are hearing it being given the police are on notice now that there is some concern out there that this woman be properly Miranda's the public who was there at the yoga class they would have heard it as well and this was occurring in a public forum this is a public place in fact it's almost hard to separate it from the the basis for the arrest which is that the woman was trespassing she was in fact an employee who had been told not to come back to work I think her perception was that you could go to a yoga class but instead they prosecuted for a trespass so all of this in that milieu comes to a matter of great public concern these are the days in which police citizen encounters lead to horrible consequences it's all over the news every day are you contending that the that the reason for the discipline imposed on your client was the content of her speech absolutely so so so you so you're saying that that if the facts had unrolled in a slightly different way so that there had been prior notice that the police were on her way on their way to the yoga class to arrest this Bush as a trespasser and and your client as soon as this information came to the yoga class said to Bush the police are coming to arrest you I want to tell you to be sure you know you have the right to a lawyer and you have the right to a union representation and and I'm gonna try to see what I can do to get you the lawyer and you shouldn't answer questions and then when the police arrived there had been no further of that conversation the police had simply come taken custody of Bush and left that she would have been disciplined in the same way because the university was objecting to her telling Bush about these rights as opposed to that she was being disciplined because of of what the university rightly or wrongly regarded as interfering with the police conduct in their arrest your hypothetical raises a very important distinction and that is I shouldn't say distinction but principle the whether a matter whether speech is a matter of public concern is taken in context whether the the university would have disciplined for that is debatable because they might not have even known about it would have been a private conversation but here she was disciplined because her doing so created something of a disturbance she said these things during the execution of police duties but she did that with the right to do that and that is exactly what the First Amendment is about the hypothetical is difficult because it and this came to the attention of the university did they discipline her for the content of what she said or for as you just noted creating a disturbance well if you read the counseling memorandum the content is emphasized and so I would have to say that it is an element and it certainly was designed to chill that sort of interaction in which my client point me to the what does it say in the counseling memorandum that emphasizes that her saying you have the right to a lawyer and you have the right to union representation what page page a 228 of the appendix which is the counseling memorandum it's only five paragraphs long the second paragraph middle of the paragraph you identified yourself as an attorney and offered advice and guidance to the employee being arrested and then it raises some facts or someone in dispute of whether she followed but it also mentioned that even if she did follow she was only asked to remain inside not ordered so she would have had a right to follow didn't even mention the content well the content is mentioned in the police report on the previous page you said the counseling memorandum emphasizes emphasizes the content it doesn't even mention the yes and the advice was known to the writers of the counseling memorandum so it would be difficult to say that it's it's it's mentioned in a vacuum what would you say what are the factors that should guide a court in distinguishing between between speech that's a purely private concern or speech that is that well in the employment factors that you say favor the are concluding that it was a matter of public concern as opposed to not in the employment context there's an added dimension to that of course and that is that any dispute could become a First Amendment issue if the employee is complaining about their own job and so a lot of cases have turned on that and you have that issue so here one of the important factors that must be considered is that this plaintiff was not acting on her own behalf it was not about her own job grievance it was about something that was happening in a very unusual situation the employer actually was also the employer of the police this was a strange little Kafka's universe in which the employee can be disciplined for interfering with the employers police force and so when you consider that scenario and look at the factors of whether the employee was speaking on her own behalf about a job grievance she wasn't was she speaking about a matter that touches upon public concern well it was a police citizen interaction and she was loudly stating that this woman should remain silent in public view she was making this statement to the police and to the bystanders I think when you analyze all of the First Amendment concerns and take away the the part about public employment that relates to individual grievances you were left only with the conclusion that this has to be protected speech and I see my time is up so I will say what I have for a bottle thank you good morning your honors may it please the court mark Sean for the Apple ease your honors as you've just been discussing this case arose out of advice that was given by the plaintiff to a core you before you reach the merits while I may agree with judge Laval that the law the case argument isn't particularly persuasive I am a little concerned about how this case was handled procedurally when when the pretrial memo was filed was did the court give notice that this was going to be treated as a motion for reconsideration the I'm not aware at the time that it was so I should say there was there was a chance to be heard on whether reconsideration should be granted I don't believe that the plaintiff was heard specifically on the reconsideration question the plaintiff was heard on the merits of the underlying argument on whether the speech was public concern as a matter of law there was a responsive as we note in our brief there was a responsive pretrial memorandum filed by the plaintiff engaging on the underlying merits question the court at a conference at a pretrial conference also informed the parties that that there would be an additional adjournment to allow time for the court to fully consider the memorandum that had been filed and the recall if there was any specific notice about the reconsideration issue in particular I do recall that the plaintiff emphasized in their responsive pretrial memorandum that this was an issue that had already been decided and thus that there was not a basis to fine for the defendants on that ground I don't know if thank you so on the merits when the court determined that it needed to address the merits the district court correctly held that the statements were not speech on a matter of public concern because they were statements about one particular person's situation there were advice on how she should conduct herself and they were not on issues of broader we have we have authority that while that's certainly relevant we have authority in our court that the fact that a statement pertains to the plaintiff's own or let's say a particular into another particular individual's personal circumstance doesn't preclude it's being treated for these purposes as as a matter of public concern certainly your honor the additional point though that that is material here is that the statements about the person's particular situation miss bucks particular rights did not also implicate a broader issue of public concern I think arguably I'm supposing the facts had been that that at the time of this arrest the plaintiff had said it is really important that University employees understand when they have this kind of a situation and they're being arrested by campus police it's really important that they understand that they have the right to counsel and the right to union representation and this is really important and I want to make sure that that Sherry Bush here understands that it's that would that have been a speech on a matter of public concern I don't think so your honor it's possible that it would be a closer case there's still the underlying point I would why would that not have been why would that not have been well because there was not any contention by there in your hypothetical which obviously is not the facts of this case there was not a contention that there was any problem of public employees not knowing their police not respecting their rights but I agree your honor that that might be a closer case if there is the this court has certainly said that where a person is trying to draw attention to a wider public policy question that the public there is certainly a wider public policy issue and concern over relations and commenting on it in in the general broader sense it it certainly well it arguably plays into it the the overall topic of relations between citizens and police is certainly one in which the public has a great interest but what this court has consistently said is that it is not enough for a person statements construed broadly to touch on or implicate that kind of issue you have to look very specifically at the details of the statement itself and Ms. Colvin was not raising issues about police practices generally she was not calling attention to police misconduct generally she was simply saying to this one particular person in your circumstances this is how you should conduct yourself in cases like Houston V Hill in the taking it out of the employment context the Supreme Court is repeatedly spoken of the freedom of individuals verbally to oppose or challenge police and specifically in context like this how is that case law relevant to determining this matter as to whether this particular speech is a matter of public concern or is it not relevant it is not very relevant your honor because the what the Supreme Court has said is that in the employment context even statements that would be protected in in a general First Amendment sense have to be balanced against the employers legitimate interest in running their business and controlling where their enterprise controlling the conduct of their employees and so the fact that speech may be protected generally does not mean that it's protected against employment consequences unless it's a public concern the distinction is much bigger one than you just described because practically all speech is with the court sometimes make the mistake of raising of treating this question as if it's if it does it can is it protected is the speech in question protected speech under the First Amendment and virtually all speech is protected under the First Amendment unless it falls in some very tiny categories like raising a clear and present danger that kind of thing but this is the Supreme Court has limited the kind of speech that that that gains protection from from retaliatory or discriminatory action on the part of a public employer in that it must pass the first hurdle of relating to a matter of public concern that's a much higher hurdle to pass than simply is it protected speech certainly your honor and I didn't mean passing too quickly to the balancing test of of whether the value of the speech is exceeded by the by the the the employers interest in in in effectively conducting its business and we're concerned right now with the test of whether it whether it's speech of public concern certainly your honor and I didn't mean to suggest that we needed to proceed to that the balancing test I I simply meant to emphasize that the that there is a fundamentally different calculus when you are evaluating the whether it's protected against governmental consequences generally under the First Amendment or whether it's protected against him consequences from the this case and as your honor seems to me the difficult point the difficult point or one of them is to is is to tell what is to decide when speech which does relate to an individual instance which is addressed to an individual instance should nonetheless be regarded as speech on a matter of public concern even though it's addressing one individual's concern at that moment and what are the guidelines how what are the guidelines for telling when speech that relates to a particular individual's momentary problem should nonetheless be considered speech on a matter of public concern certainly your honor I think the this court's decision in the Huth case that we said in our brief provides a guideline on that which is the question to ask is does the individual's particular situation raise broader questions about governmental policy or misconduct or anything of that sort that the public would legitimately be interested in so where there is a systemic question or where there is a significant policy question that's being disputed then that maybe speech of public concern even if it's arises out of one particular individual situation isn't there some indication in the record that Colvin may have told the police they didn't have a right to do what they were doing and that the officers she says threatened to arrest her and she retorted that would be a false arrest the yes your honor she said that with regard to herself and I note though that that is not the basis that I understand the appellant to be relying on for finding that that speech was protected and that's not and that particular statement was not the focus of the counseling memo and so on the but additionally even if even if you were to look at that statement was that was that statement even mentioned in the police complaint to the authorities I don't recall if it was mentioned the police complaint it was not that the statement was not mentioned in the certainly in the in the counseling memo and the the and that before us here may not be but if it but that speech it doesn't come pretty close to a as a statement on a matter of public concern in a context in which historically the Supreme Court has said we should be particularly attentive to making sure disorderly conduct statutes statutes or do not impinge on the ability of citizens to comment upon the legality of police action yes I think that would be a closer case but as you say that that is not presented by the facts of this case and the the cases are quite clear that it is a very context specific inquiry to determine whether or not a given statement is on a matter of public concern and just to finish my answer to Judge LaValle's question the point that she was not raising any broader objection or issue relating to campus the practices of the campus police or of alleging that there was misconduct in the way that they were affecting the arrest of Ms. Buck or anything of that sort and so her statements may have been significant to the recipients or even to the to the yoga class that was in the room but they were not of general news interest or public interest to the public at large which is the the test in this context so unless the court is any further questions we would ask that you affirm thank you opposing counsel seems to be conflating newsworthy with a matter of public concern and the court below seem to do that too perhaps this whole incident would be newsworthy but that's really not the question before the court it is important though to note that those statements in the advice are not the only verbiage that is at issue and everything is before the court and yes to answer Judge LaValle's question there is quite a bit in the police report about the threat to arrest the plaintiff and there's even more in the record but that's disputed I use the police report because it's the other side's narrative but in the record from the testimony of my client in the declaration that she gave and in the deposition she indicates that when they threatened her with arrest she said that would be a false arrest and then they backed off but they made that threat in direct response to the very things that she was saying and doing but especially saying she was giving them advice giving advice and they did not seem to like that so they threatened her with arrest if her conduct had risen to a culpable level she would have been arrested so we're talking about stuff that is in the realm of speech here and the whole record speaks to an incident that is certainly a matter of public concern whether it's newsworthy or not I don't know we can leave that to the newspapers but this is not the issue the issue is whether it relates to a matter touches upon a matter of public concern and certainly if you have an employment situation in which the employer of the police is the same as the employer of the arrestee and the speaker you have a very interesting set of circumstances that raises interesting questions because the filter that judge Lavalle talked about where you know pretty much all speech is protected or is but but in employment context you have a special filter because you have to let the employer do their job you have the Pickering analysis will hear the oddity is that the employer is a university so this doesn't interfere with their capacity run university was a yoga class but they're arguing or they're making the case so to speak in their counseling memorandum that it's interfering with the ability their police force to easily arrest suspects in classes that are open to the public on their property so that's I think pretty much unique set of circumstances in this public employment context where the Sunni police on a Sunni campus arresting a Sunni employee and another Sunni employee who happens to be attorney but an attorney but doesn't work as an attorney is inserting herself into the situation not-for-profit not-for-gain just to see the justice is done and speaking of that I think my time for seeking justice is up and I thank the court thank you both for your arguments we'll take it the